### SOULE *v.* HARRINGTON.

1. CHATTEL MORTGAGES—FILING—NOTICE—PURCHASER.
    One who buys chattel-mortgaged property subject to the claim of the mortgagee cannot complain because the mortgage was not filed in the office of the clerk of the township where the mortgagor resided.

2. SAME—FRAUD.
    A purchaser of mortgaged chattels cannot defeat the mortgage on the ground that the mortgagor was induced to execute it by fraudulent representations.

3. SALE—FRAUD.
    Fraudulent representations made to a purchaser after the purchase give him no cause of action.

Error to Otsego; Sharpe, J.    Submitted November 6, 1903.    (Docket No. 112.)    Decided December 1, 1903.

Replevin by Charles P. Soule against William A. Harrington.    From a judgment for plaintiff on verdict directed by the court, defendant brings error.    Affirmed.

*William A. Harrington, in pro. per.*

*W. L. Townsend,* for appellee.

CARPENTER, J.    This is a suit in replevin to recover the possession of two printing presses.    These presses were sold by plaintiff, doing business as the Crescent Type Foundry, to a partnership doing business as Babcock &

Marlatt. Babcock & Marlatt secured payment of part of the purchase price by a chattel mortgage. This chattel mortgage was filed, not where either Babcock or Marlatt resided, but, through some mistake, in the township where they did business. Babcock & Marlatt subsequently sold the presses to defendant. Defendant neglected to pay the amount secured by the mortgage, and refused to deliver possession, and thereupon this suit was brought. A verdict was directed for plaintiff. We are asked to reverse this judgment on three grounds, each of which will be stated and disposed of.

1. It is claimed that, in directing a verdict for the plaintiff, the court erred in assuming that defendant had notice of this mortgage before he made his purchase. We think this assumption warranted by the following testimony of defendant:

"I bought the property subject to the claim that the Crescent Type Foundry had against Babcock & Marlatt.

"Q. Very well. This was one claim, and he told you they had a mortgage against it. Don't you know how much?

"A. No, I didn't know how much.

"Q. What is the reason you didn't find out?

"A. Well, I say I went to the township clerk's office for the township of Livingston, to ascertain what the condition of the mortgage was, and I didn't find it.

"Q. Well, you talked it over with Mr. Babcock?

"A. There wasn't very much said about it, as I remember it.   *   *   *

"Q. Well, you knew how much it amounted to, or very nearly so, before you found where it was filed, didn't you?

"A. Why, perhaps I knew approximately. I don't think I knew to a certainty the amount of their claim."

2. It is claimed that the court erred in excluding testimony tending to prove that Babcock & Marlatt executed the mortgage because of fraudulent representations. We approve the decision of the trial judge, for the reason stated by him "that the right of Babcock & Marlatt, if they had any claim for fraud in connection with the mak-

ing of this mortgage, did not pass to the purchaser from them."

3. It is claimed that the court erred in excluding testimony that an agent of plaintiff reiterated the false representations made to Babcock & Marlatt to defendant after defendant acquired the property. We think the court properly excluded this testimony on the ground that defendant was at this time the owner of the property, and therefore these representations did not give him a cause of action.

The judgment will be affirmed, with costs.

The other Justices concurred.